IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNIE E. MOSLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 15-cv-885-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Johnnie E. Mosley moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based upon the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015) (Doc. 1). The Court appointed the Federal Public Defender's Office to represent Mosley (Doc. 5) and Assistant Federal Public Defender Todd M. Schultz entered his appearance as counsel of record (Doc. 7).

Now pending before the Court is Schultz's Motion to Withdraw in which he asserts that Mosley has no meritorious basis for obtaining relief under *Johnson* (Doc. 10). Mosley filed Responses to the Motion (Docs. 11, 12).[1] For the following reasons, the Motion to Withdraw is **GRANTED** and Mosley's § 2255 Motion is **DISMISSED with prejudice**.

### Factual and Procedural Background

Petitioner Johnnie E. Mosley pleaded guilty in October 27, 2006 to being a felon in

---

[1] An evidentiary hearing is not necessary in this case as the existing record conclusively demonstrates that Mosley is not entitled to the relief he requests. *See* Rule 8(a) of Rules Governing Section 2255 Proceedings; *Cooper v. United States*, 378 F.3d 638,641-642 (citing *United States v. Kovic*, 830 F. 2d 680 (7th Cir. 1987)); *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

possession of a firearm and possession of crack cocaine with intent to deliver. *See United States v. Mosley*, Case No. 06-CR-30111, Doc. 23. According to the Presentence Investigation Report ("PSR"), Mosley was subject to an enhanced sentence under the Career Offender provision of the United States Sentencing Guidelines (U.S.S.G. §§ 4B1.2) based on his prior convictions for violent predicate offenses. *See* Case No. 06-cr-30111, Doc. 29. He was sentenced as a career offender to 262 months' imprisonment on January 29, 2007. *Id*. at Docs. 28, 31.

## Discussion

Relief under 28 U.S.C. § 2255 is limited. Unlike a direct appeal in which a defendant may complain of nearly any error, § 2255 may be employed only to correct errors that vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013).

Mosley asserts that the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2251, 2563 (2015), in which the court held that the residual clause of the Armed Career Criminal Act's ("ACCA") definition of "violent felony" was unconstitutionally vague and violates the Constitution's guarantee of due process, applies to his case. Under the ACCA as drafted at the time, if the offender had three or more prior convictions for a "serious drug offense" or a "violent felony," his statutory sentencing range increased to a minimum of 15 years and a maximum of life. *Id.* at 2555.

The career offender provision of the Sentencing Guidelines increases the offense level and criminal history category, and thus the guideline imprisonment range, of defendants who commit certain offenses after having been convicted of two felony-controlled substance offenses or "crimes of violence." U.S.S.G. § 4B1.1(a). At the time Mosley was sentenced, a "crime of

violence" was defined as any state or federal crime punishable by imprisonment for a term exceeding one year, that:

1. "has as an element the use, attempted use, or threatened use of physical force against the person of another"; or

2. is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2007).

Mosley had two prior convictions for armed robbery (88-CF-614 and 00-CF-450). *See* Case No., 06-cr-30111, Doc. 29. Those convictions qualify as predicate offenses independent of the residual clause because robbery is specifically enumerated as a "crime of violence" for career offender purposes. *United States v. Otero*, 495 F.3d 393, 401 (7th Cir. 2007). And, the Seventh Circuit has held that robbery, as defined by Illinois law, is a crime of violence; therefore, logic dictates that armed robbery—which is robbery while armed with a gun—is also a crime of violence. *United States v. Smith*, 669 F. App'x 314, 315 (7th Cir. 2016) (noting previous holdings that a conviction for robbery under Illinois law is a crime of violence under the elements clause of U.S.S.G. § 4B1.2) (citations omitted). Mosley's argument is also foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886 (2017) (holding residual clause in the career offender guideline is not void for vagueness), and his § 2255 petition must be denied.

Accordingly, Assistant Federal Public Defender Todd M. Schultz's Motion to Withdraw (Doc. 10) is **GRANTED**; Petitioner's Motion for Relief pursuant to 28 U.S.C. § 2255 (Doc 1) is **DENIED**; and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Cases instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. §2253(c)(2), a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012), *Tennard v. Dretke*, 542 U.S. 274, 281 (2004), *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the foregoing reasons, this Court has determined that Mosley has not stated any grounds for relief under § 2255 and that reasonable jurists would not find that conclusion debatable or wrong. Thus, Mosley has not made a "substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

**IT IS SO ORDERED.**

**DATED: June 25, 2020**

**STACI M. YANDLE**
**United States District Judge**